UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DANENE MCLAREN, as *Administratrix of the Estate of* DANA T. LEYLAND; and DARLENE F. LEYLAND, *Individually*,
    Plaintiffs,

v.

WAYNE T. SALISBURY, JR.; CAROLE DWYER; RUI DINIZ; BARRY WEINER; THE STATE OF RHODE ISLAND; JOHN DOE nos. 1-5, alias; and JANE DOE nos. 1-5, alias,
    Defendants.

C.A. No. 24-263-JJM-LDA

ORDER

Dana T. Leyland committed suicide by hanging while a pretrial detainee in the care of the Rhode Island Department of Corrections ("RIDOC"). His Estate and mother ("Estate") bring this five-count Amended Complaint: Counts I and II are federal claims under 42 U.S.C. § 1983 for violations of Mr. Leyland's Eighth and Fourteenth Amendment rights, alleging deliberate indifference against all Defendants, and supervisory liability against Defendants Wayne T. Salisbury, Jr., Carole Dwyer, Rui Diniz, and Barry Weiner ("Supervisory Defendants"); Count III is a state-law claim for negligence against all Defendants; Count IV is for negligent supervision and training against only the Supervisory Defendants; and Count V is for negligence under a respondeat superior theory against the State of Rhode Island. ECF No. 17.

The Supervisory Defendants move to dismiss asserting that the Estate has not plead sufficient facts to show a constitutional violation or intent; that the Defendants are entitled to qualified immunity; and that the Court should decline supplemental jurisdiction over the state-law claims, which they allege are insufficiently plead. ECF No. 20.

## Facts Alleged

The Providence Police Department arrested Dana Leyland and charged him with possession of cocaine. He was incarcerated at the Intake Service Center at the Adult Correctional Institutions ("ACI") while he awaited trial. Mr. Leyland had a history of substance use disorders, which was known to the RIDOC because of his history of incarceration. Three days after his arrest, while suffering withdrawal symptoms from substance use disorder, Mr. Leyland made known to RIDOC correctional officers that he intended to commit suicide. Mr. Leyland was placed on suicide watch and put in solitary confinement.

Under the RIDOC's standard operating procedures, once an inmate was placed on suicide watch, RIDOC staff were required to maintain constant visual supervision of the inmate. Notwithstanding RIDOC standard operating procedures, Defendant John Doe nos. 1-5 and/or Jane Doe nos. 1-5 ("John Does") did nothing to lessen the likelihood that Mr. Leyland would commit suicide. They did not maintain constant visual supervision of Mr. Leyland. While in segregation on suicide watch, Mr. Leyland asked John Does for a bible. Later that day, while alone and unwatched in segregation, Mr. Leyland tied a bedsheet around his neck and affixed it to the second

2

bunk of the bunk bed in his cell and hanged himself. Certain of the John Does were observed laughing while his body was brought to the floor. Mr. Leyland was not breathing and had no pulse when emergency personnel arrived. They took Mr. Leyland to Rhode Island Hospital where he was pronounced dead. It was reported to Rhode Island Hospital that RIDOC staff had last seen Mr. Leyland well 30-60 minutes before they found him hanging.

## *Standard of Review*

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a plaintiff must present facts that make her claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine plausibility, the Court must first review the complaint and separate conclusory legal allegations from allegations of fact. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citation omitted). Next, the Court must consider whether the remaining factual allegations give rise to a plausible claim of relief. *See id.* When reviewing the complaint, the Court must draw all inferences in favor of the plaintiffs. *Abdallah v. Bain Cap. LLC*, 752 F.3d 114, 117 (1st Cir. 2014).

To state a plausible claim, a complaint need not detail factual allegations, but must recite facts sufficient at least to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" cannot suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked

assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557); *see also Soto-Torres v. Fraticelli*, 654 F.3d 153, 159 (1st Cir. 2011) (internal quotation marks omitted) (citation omitted) ("[C]ombined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.").

## *Legal Analysis*

### I.   Qualified Immunity

As it is a threshold issue, the Court will first discuss the Supervisory Defendants' qualified immunity defense.

It has been clearly established since at least 1986, "that police officers violate the Fourteenth Amendment due process rights of a detainee if they display a 'deliberate indifference' to the unusually strong risk that a detainee will commit suicide." *Bowen v. City of Manchester*, 966 F.2d 13, 16 (1st Cir. 1992) (citing cases). And supervisory liability may attach under § 1983 for failure to train police or correctional officers on the prevention of detainee suicides. *See Manarite v. City of Springfield*, 957 F.2d 953, 956-57 (1st Cir. 1992).

Taking the allegations in the First Amended Complaint as true, the RIDOC and its agents knew that Mr. Leyland was suicidal. It claims that Defendants failed to act in the face of this knowledge. They placed him on a suicide watch, but then failed to watch. They did not constantly observe him in violation of their own procedure. This evidence of actual knowledge and lack of required action and inaction is sufficient to show deliberate indifference. As to the Supervisory

4

Defendants did not train the John Does on RIDOC's suicide prevention policy, did not implement the policy, and did not hold the John Does responsible or accountable for violating the policy. On this limited factual record, qualified immunity does not apply. *See Giragosian v. Bettencourt*, 614 F.3d 25, 29 (1st Cir. 2010) ("It is not always possible to determine before any discovery has occurred whether a defendant is entitled to qualified immunity, and courts often evaluate qualified immunity defenses at the summary judgment stage.").

## II. Pleading Sufficiency

A review of the facts alleged in the Amended Complaint shows that the Estate has plausibly alleged sufficient facts to establish each of their causes of action, including objective and subjective deliberate indifference under the Eighth Amendment. Under the Eighth Amendment, prisoners cannot be treated with "deliberate indifference" toward "a substantial risk of serious harm to health" or "serious medical needs." *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011); *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976)). "Because prison suicides are analogous to the failure to provide medical care, we agree that 'deliberate indifference' is the appropriate 'barometer' by which suicide cases involving convicted prisoners should be tested." *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991) (citing *Popham v. City of Talladega*, 908 F.2d 1561, 1563 (11th Cir. 1990)).

The Estate has alleged that the RIDOC and its agents knew that Mr. Leyland was suicidal. They placed him on a suicide watch, but then failed to watch. They did

5

not constantly observe him in violation of their own procedure. This evidence of actual knowledge and lack of required action and inaction is sufficient to show deliberate indifference.

As to the Supervising Defendants specifically, the Estate plausibly claims that the Supervisory Defendants failed to properly train the John Doe correctional officers ("COs") Defendants on the RIDOC's suicide-prevention policy, failed to implement the policy, and failed to hold COs responsible or accountable for violating the policy. The First Circuit has long recognized that supervisory liability may attach under § 1983 for failure to train police or correctional officers on the prevention of detainee suicides. *See Manarite*, 957 F.2d at 956-57. The Estate has plausibly alleged that a "seriously elevated risk of suicide, [the supervisors'] knowledge of that risk, and [the supervisors'] failure to take obvious remedial steps, to the point where [their] culpability considerably exceeds negligence and, because it is 'reckless' or 'callous' or wanton." *Id.* at 957

Because the federal claims survive Defendants' motion, the Court exercises supplemental jurisdiction over the state-law claims. As they are based on the Estate's § 1983 claims, the Court finds that each of these claims has been plausibly plead. The Court DENIES the Defendants' Motion to Dismiss. ECF No. 20.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____

John J. McConnell, Jr.
Chief Judge
United States District Court

March 18, 2025